ROBERT HUSTON V. ALFRED CANFIELD ET AL., IMPLEADED WITH TECUMSEH NATIONAL BANK, APPELLEE, AND CHAMBERLAIN BANKING HOUSE, APPELLANT.

ALBERT CANFIELD V. ALFRED CANFIELD ET AL., IMPLEADED WITH TECUMSEH NATIONAL BANK, APPELLEE, AND THE CHAMBERLAIN BANKING HOUSE, APPELLANT.

FILED JANUARY 5, 1899.  NOS. 8591, 8592.

1. **Deed as Mortgage.**  A quitclaim deed given to secure an indebtedness is in legal effect a mortgage.

2. **Mortgages:** RENTS AND PROFITS.  A mortgagor in possession is entitled to collect and appropriate to his own use the rents and profits of the mortgaged premises; and this right, being transferable, will pass to his grantee, or to a subsequent mortgagee to whom possession is surrendered.

3. ———: ———: FORECLOSURE.  In an action to foreclose a mortgage the district court cannot divert the rents and profits of the mortgaged premises from the tenant lawfully in possession claiming title under the mortgagor, except by the appointment of a receiver pursuant to the provisions of section 266 of the Code of Civil Procedure.

APPEALS from the district court of Johnson county, Heard below before BABCOCK, J.  *Modified,*

*M. B. C. True*, for appellant.

*S. P. Davidson, Davidson & Giffen*, and *T. Appelget*, *contra*.

SULLIVAN, J.

The questions involved in these cases are identical. The actions were brought in the district court of Johnson county to foreclose real estate mortgages executed by Alfred Canfield and Carrie B. Canfield, his wife, on certain property in the city of Tecumseh. The Tecumseh National Bank asserted a lien on the premises by virtue of a mortgage, in form a warranty deed. The Chamberlain Banking House filed an answer, claiming an interest which, on account of the pleader's indefiniteness of expression, is somewhat difficult to classify. It was either an absolute ownership or a mortgage in the guise of a quitclaim deed. Under this latter conveyance the grantee took possession of the premises and proceeded to collect and appropriate the rents and profits. The controversy which is brought here for decision concerns only the national bank and the Chamberlain Banking House. The trial court made the following finding: "The court further finds that the quitclaim deed executed by the defendant Alfred Canfield and wife to the defendant the Chamberlain Banking House on the 22d day of July, 1893, though in form a quitclaim deed, was in fact a mortgage, and so considered by the parties thereto, and given to secure the indebtedness. * * * The court further finds that defendant, the Chamberlain Banking House, is not entitled to collect the rentals of said mortgaged premises, as against other defendants and the plaintiff." The court also found that the lien of the warranty deed was prior to that of the quitclaim deed, and rendered a decree as follows: "It is therefore considered and decreed that the deeds above found to be mortgages be, and the same are hereby, foreclosed, and

said mortgaged premises be sold in manner and form as real estate is now sold on execution, and that the proceeds of said sale, together with all the rents received of said premises, be applied to the payment of the amount due plaintiff and the answering defendant, except defendant Van Sickle, according to their priority as above found." To reverse this judgment the Chamberlain Banking House brings the cases to this court by appeal.

The first contention is that the quitclaim deed was an absolute conveyance. We do not think it was. In appellant's answer it is alleged that, on July 22, 1893, Alfred Canfield was in failing circumstances, and being indebted to appellant in the sum of $1,500, executed the conveyance in question with intent to secure it and make it a preferred creditor. It is further alleged that "the rentals of said premises have been duly collected by this defendant and have been applied to the payment of said indebtedness of defendant Alfred Canfield to this defendant; that a balance of $628.25 of said indebtedness is yet unpaid, and for which amount this defendant claims a first lien on the rentals of said premises and a right to collect them, superior to the right of any other creditor." We think these averments do not show a sale of the property, but that, on the contrary, they do indicate with reasonable certainty that no part of the bank's debt was immediately extinguished by the execution of the quitclaim deed. If the bank became the owner of the property, it is inconceivable why it should apply the rents subsequently accruing to the payment of an indebtedness due from Canfield to it. Although the evidence is sufficient to sustain the finding of the district court that the quitclaim deed was intended as a mortgage, we think the same conclusion results from a proper construction of appellant's answer. Still it does not follow that the judgment with respect to the application of the rents can be sustained. A mortgagee in possession of mortgaged property has a right to make

his security productive by receiving and appropriating the rents and profits to the payment of his debt. Having succeeded to the rights of the owner of the fee he is not required to account while he remains in possession. (*Fitchburg Cotton Mfg. Corporation v. Melven*, 15 Mass. 270; *Wilder v. Houghton*, 1 Pick. [Mass.] 87.) "The mortgagor has," says Chancellor Kent, "a right to lease, sell, and in every respect to deal with the premises as owner so long as he is permitted to remain in possession." In *Renard v. Brown*, 7 Neb. 449, MAXWELL, J., delivering the opinion, said: "As the mortgagor is not liable for rents and profits while in possession, he may sell and convey the mortgaged property, and his grantee will take his title, and will be protected to the same extent as the mortgagor." In *Gilman v. Illinois & Mississippi Telegraph Co.*, 91 U. S. 603, it was held that the contract of the mortgagor being to pay interest and not rent, he could not be held to account for profits received while retaining possession of the property. And in *Kountze v. Omaha Hotel Co.*, 107 U. S. 378, it was said by the court, speaking of the rights of a mortgagee: "But in the case of a mortgage the land is in the nature of a pledge. It is only the land itself,—the specific thing,— which is pledged. The rents and profits are not pledged. They belong to the tenant in possession, whether the mortgagor or a third person claiming under him." The Chamberlain Banking House having obtained possession of the property with the owner's consent, was entitled to the rents precisely the same as the owner would have been had he retained possession. The appellee was not entitled to have them applied in satisfaction of prior liens. What is here said has, of course, no application to a case where a receiver has been appointed upon a showing that the security is inadequate. The practical effect of an order appointing a receiver is to dispossess the mortgagor or other person in possession. In this case there were no proper steps taken to secure the appointment of a receiver; and the court did not

find, nor the evidence show, that the security was proba-
bly insufficient to discharge the debt due from Canfield
to the Tecumseh National Bank. The decree in each
case will be modified by striking out the clause provid-
ing for the application of rents upon the mortgage and
other liens according to their priority. As thus modified
the judgment in each case will be affirmed.

JUDGMENT ACCORDINGLY.