LUIGUI FELINO V. K. S. NEWCOMB LUMBER COMPANY.

FILED MARCH 19, 1902.  No. 11,374.

Commissioner's opinion, Department No. 3.

1. **Mortgage:** DEFAULT: IMMEDIATE POSSESSION. A provision in a real estate mortgage that, in case of a default in the payment of the debt thereby secured, the mortgagee shall be entitled to the immediate possession of the premises, is valid as to the parties and subsequent purchasers and incumbrancers chargeable with notice.

2. **Foreclosure of Mortgage:** RENTS AND PROFITS: ACTION AT LAW. An action at law for the rents and profits, will not lie on behalf of a subsequent purchaser or incumbrancer against a mortgagee, who has entered upon and retained possession under such provision, but such mortgagee will be held to account therefor in an action to foreclose his mortgage.

3. ———: ———: DECREE AND SALE. Where an action to foreclose such mortgage has been prosecuted to a decree and sale of the premises all the parties to such proceedings are thereby concluded as to such rents and profits.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. *Reversed.*

*Weaver & Giller,* for plaintiff in error.

*Baldrige & De Bord, contra.*

ALBERT, C.

On the first day of August, 1891, Alva A. Richardson and his wife executed and delivered to Luigui Felino a mortgage on certain real estate in South Omaha, to secure the payment of their note, executed to the same party, for $2,000, with interest at seven per cent. per annum, pay-

able semi-annually, according to the tenor of ten interest coupons for $70 each, attached thereto. The mortgage was duly filed and recorded on the 5th day of August, 1891. In addition to the conveyances and agreements usually found in a mortgage, the mortgage contained the following clause: "And upon. forfeiture of this mortgage, or in case of default in any of the payments herein provided the said Luigui Felino shall be entitled to the immediate possession of said premises." On the 15th day of August, 1891, the K. S. Newcomb Lumber Company sold and delivered to the said mortgagors certain material for the erection of a building on the mortgaged premises, and on the 24th day of December thereafter filed a lien therefor against said premises. On the 30th day of October, 1893, the said lumber company filed its petition in the district court against said mortgagors, and others, praying for the foreclosure of its said lien. The mortgagee, above mentioned, was not made a party to the suit. On the 29th day of December, 1894, a decree was rendered in said suit in favor of the lumber company, and on the first day of October, 1895, the premises were sold in pursuance of said decree to the said lumber company, and, in pursuance of an order confirming the same, on the 26th day of October, 1895, a deed issued to said purchaser. On the 21st day of September, 1895, Felino, the mortgagee, commenced an action for the foreclosure of his mortgage, making the said lumber company a party defendant, which action was prosecuted to a decree on the 26th day of May, 1896. In pursuance of this decree, in October, 1896, the premises were sold to Felino, the mortgagee, who on the 31st day of October, thereafter, received a sheriff's deed therefor. On the 2d day of October, 1895, and after the commencement of his suit to foreclose the mortgage, the mortgagors, having made default, surrendered possession of the premises to the mortgagee. On the 26th day of October, 1895, and after having received its deed to said premises, the lumber company demanded possession of the premises from the mortgagee, who was then in possession, which was refused.

On the 21st day of May, 1898, the lumber company commenced the present action against Felino to recover the rents and profits of said premises subsequent to the time it received its deed from the sheriff, issued in pursuance of the decree of foreclosure of its said lien. A trial was had to the court, which resulted in a finding and judgment for the plaintiff. The defendant brings the case here on error.

The theory of the plaintiff in the court below, and the only theory on which the judgment of the district court can be upheld, is that the mortgagor of real property retains the legal title and the right of possession until confirmation of a sale under a decree of foreclosure of the mortgage, and that such right of possession carries with it the right to the rents and profits of the mortgaged premises, and that as plaintiff, by virtue of the sale in pursuance of the decree foreclosing its lien, acquired all the right, title and interest of the owner of the fee in and to the premises in controversy, it thereby acquired their right of possession, and, consequently, their right to the rents and profits accruing subsequently to the issuance of such deed and prior to the sale to the defendant in this case in pursuance of the decree foreclosing his mortgage. In our opinion, this theory is unsound. In the absence of any statutory regulation, the mortgagee is entitled to the possession of the premises. Jones, Mortgages, sec. 667. The only statutory regulation on the subject in this state is that to be found in section 55, chapter 73, Compiled Statutes, which is as follows: "In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof." This provision leaves it competent for the parties to a mortgage to stipulate for the investiture of the mortgagee with the legal title and right of possession, which carries with it the right to the rents and profits. As we have seen, in this case the mortgage expressly provided that upon the forfeiture of the mortgage, or in case of default in any of the payments, the mortgagee should be entitled to the immediate possession of the premises. Of this provision subse-

quent purchasers and incumbrancers, including the plaintiff in this case, were as fully charged with notice as with any other provision of the mortgage. In California it is provided by statute that the mortgagee shall not be entitled to possession unless authorized by the express terms of the mortgage. Under this provision it was held that if the mortgagee, after condition broken, take possession by consent of the mortgagor, it is presumed, in the absence of clear proof to the contrary, that he is to receive the rents and profits and apply them to the debt secured, and that he is to hold possession until the debt is paid. *Dutton v. Warschauer*, 21 Cal., 609; *Frink v. LeRoy*, 49 Cal., 314. These cases, while not directly in point, clearly recognize the right of the mortgagee to the possession of the premises under a stipulation like the one under consideration. In *McIntyre v. Whitfield*, 13 Smedes & M. [Miss.], 88, it was held that a stipulation similar to the one contained in defendant's mortgage might be enforced by the mortgagees taking possession and holding it. That the mortgagee in possession would be required to account for the rents and profits, will be conceded, but such account should be taken in the suit to foreclose or in a suit to redeem. The defendant in this case, as we have seen, brought his action to foreclose his mortgage. All the parties, including the plaintiff in this case, were before the court in that suit. Every question involving the amount due on the defendant's mortgage, including the rents and profits received by him, were in issue in that case. The proceedings in that case are conclusive and binding, as to such questions, on all of the parties thereto. It follows that the judgment of the district court in this case is erroneous, and it is recommended that it be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed, and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.