CHARLES McGLAVE V. MARY FITZGERALD, ADMINISTRATRIX
OF THE ESTATE OF JOHN FITZGERALD, DECEASED, ET AL.

FILED FEBRUARY 4, 1903.   No. 12,447.

Commissioner's opinion, Department No. 1.

1. **Sufficiency of Petition by Creditors Against Administratrix and
   County Judge, Calling for an Accounting and Alleging Col-
   lusion, Fraudulent Payment and Retention of Illegal Fees.**
   In an action by a creditor (suing in behalf of all) of an in-
   solvent estate against the administratrix thereof and the
   county judge for an accounting, a petition which alleges col-
   lusion between the defendants, and a fraudulent payment and
   retention of illegal fees to the prejudice of the creditors, is
   sufficient as against a demurrer.

2. **Jurisdiction of District Court: MOTION TO RETAX COSTS: ACTION
   ON BOND: STATUTORY PENALTY.** The district court is not de-
   prived of jurisdiction in such a case because plaintiff might
   have moved to retax the costs in the county court, or brought
   an action on the bond of the administratrix, or sued to recover
   the statutory penalty for taking illegal fees.

3. **Technical Refusal by Administratrix to Sue.** Allegations of col-
   lusion and fraud on the part of such defendants, are sufficient
   to entitle a creditor to bring such an action without showing
   a technical refusal by the administratrix to sue.

ERROR from the district court for Lancaster county.
Action for accounting.   Tried below before CORNISH, J.
*Reversed.*

*John S. Bishop,* for plaintiff in error. ·

*James Manahan* and *Thomas J. Doyle,* for defendant in
error Mary Fitzgerald.

*Allen W. Field,* for defendant in error Samuel T.
Cochran.

LOBINGIER, C.

In the court below plaintiff in error filed a petition
containing the following averments:

Syllabus by court; catch-words by editor.

"1. The plaintiff, who brings this action for himself and on behalf of all other creditors of the estate of John Fitzgerald, deceased, who may join herein, complains of the defendants and alleges that John Fitzgerald, late of said county of Lancaster, died intestate on the —— day of December, A. D. 1894, and that the defendant, Mary Fitzgerald, was on the 19th day of February, 1895, duly appointed administratrix of the estate of the said John Fitzgerald, deceased, by the county court of said Lancaster county, and letters of administration were duly issued to her as such by said court; that she accepted such office and qualified therefor, and that ever since March 14, A. D. 1895, she has been and still is the duly appointed, qualified and acting administratrix of said estate.

"2. And the plaintiff further alleges that at and prior to his death the said John Fitzgerald was indebted to the plaintiff; that after the death of said John Fitzgerald and within the time fixed by law and allowed by the court for that purpose, the plaintiff duly filed his claim against the estate of said John Fitzgerald for the amount of said indebtedness, which claim was by said county court of Lancaster county duly allowed on the 2d day of February, 1895, in the sum of $1,746.86 and the interest thereon from the 1st day of January, 1895, at the rate of seven per cent. per annum, whereof the sum of $1,543 is and remains wholly due and unpaid, and that the order allowing the same is and remains in full force and effect, unmodified, unreversed and unappealed from.

"3. That the claims allowed against said estate and the valid and legal claims awaiting adjudication are far in excess of the assets and property of said estate; that said property and assets are insufficient in value to meet the valid and legal claims of creditors; and that said estate is insolvent, and unable to pay its debts in full.

"4. That the defendant, Samuel T. Cochran, from the 2d day of January, 1896, up to the 4th day of January, 1900, was and continued to be the duly elected, qualified and acting judge of said county of Lancaster.

"5. That during the terms of office of said defendant Cochran as county judge the defendant Mary Fitzgerald, as such administratrix, wrongfully, unlawfully and in fraud of the creditors of said estate, paid to the said Cochran, as his pretended costs in the administration proceedings in said estate in said court [here follow items amounting to $612.40], which payments were to each of said defendants well known to be far in excess of any legal or proper costs or charges against said estate. in the administration thereof in said court and were to the manifest injury and wrong of the creditors of said estate and in fraud of their rights.

"6. That in truth and in fact the fees and costs justly and lawfully taxable against said estate during the terms of office of said defendant Cochran and to him payable out of the funds of said estate during said time did not and do not exceed the sum of one hundred fifty dollars ($150).

"7. That during his said terms of office the said Cochran wrongfully, unlawfully and extortionately charged and taxed against said estate upon his fee book in said court the following items, to wit: [Here follows itemized statement of fees paid] each of which items, charges and fees is without legal warrant, excessive and extortionate, and that the several sums paid to the said Cochran by the said administratrix as aforesaid were applied to the payment of said unlawful, excessive and extortionate fees and charges while said estate was and was known to be insolvent, and unable to pay its debts in full, to the prejudice of the creditors of said estate, among whom such sums ought to have been divided, and in fraud of their rights.

"8. That said several sums so paid upon said unlawful, excessive and extortionate charges were in equity the money of creditors of said estate, and were diverted and paid to said Cochran by said Mary Fitzgerald as administratrix of said estate wrongfully, without authority of law, and in fraud of creditors, and that said administratrix has wrongfully, and to the prejudice of and in fraud

of the creditors of said estate, acquiesced in said unlawful, fraudulent and excessive charges and has taken and is taking no steps whatever to recover said sums for said estate and for the benefit of creditors thereof.

"9. And the plaintiff further alleges that no part of such moneys paid to and received by said Cochran by said administratrix as aforesaid were by said Cochran paid over to or turned into the treasury of said county of Lancaster, but were and are by him kept and retained."

The prayer was for an accounting, for the restoration and distribution of the amount improperly paid as fees, and for general relief.

To this petition each defendant interposed a demurrer for want of jurisdiction and for insufficiency, and, these being sustained, plaintiff elected to stand on his petition and has brought the case here on error, presenting the sole question as to the correctness of the ruling by which the demurrers were sustained.

Defendants in error contend that plaintiff had an adequate remedy by a motion to retax costs in the county court, and that this excludes the jurisdiction of equity. The rule announced in the cases relied on is summarized in *Haskell v. Valley County*, 41 Nebr., 234, 238, as follows: "In order for this court to review a judgment for costs the party against whom the judgment is rendered must file a motion in the district court to retax the costs and then come here from the ruling of the court upon such motion." In other words, where a party is merely seeking a different ruling as to the taxation of costs in an appellate court, he must lay a foundation by a motion of this kind. But we do not find it anywhere held that such a motion is a condition precedent to an action to recover back money illegally exacted as costs. Neither does it seem to us to take the place of such an action nor to have been so intended. Such a motion is no doubt sufficient where the costs have been taxed but not actually paid, or where the taxing officer stands ready to refund them providing the taxation be changed. But we are

unable to see how it could reach a case like this, where, as is alleged, the costs have not only been paid, but the official who taxed and collected them refuses to refund. Plaintiff might have moved for a retaxation in the county court and upon this basis obtained one in the district court, and still have been, as regards the recovery of the money, in no better plight than when he started. A remedy which will deprive equity of jurisdiction must be as "practical and efficient" as that which equity affords. *Taylor v. Ainsworth,* 49 Nebr., 696; *Sherwin v. Gaghagen,* 39 Nebr., 238. This can not be said of a remedy which forces a suitor to seek ultimate relief in another action, as is the case where an official refuses, after a motion to retax, to refund fees illegally collected. The petition alleges that defendant Cochran has fraudulently misappropriated this money, and that his taxation of costs was to him "well known to be far in excess of any legal or proper costs or charges." A motion to retax costs before such an official could hardly be more than a vain and fruitless proceeding.

It is also contended that under the averments of the petition the administratrix is liable on her bond, and that as there is no allegation that either she or her sureties are insolvent, an action on the bond would afford an adequate remedy. We may presume that this bond complied with sections 164 and 179 of chapter 23 of the Compiled Statutes (Annotated Statutes, secs. 5029, 5044), and that it bound the administratrix "to administer according to law * * * all * * * goods, chattels, rights, credits, and estate," which have come into her possession. Assuming that the acts complained of would constitute a breach of this condition (they certainly would not fall within any of the other conditions prescribed in the statute), it still remains true that an action on this bond is a statutory remedy cumulative to and not exclusive of others. *Concy v. Williams,* 9 Mass., 114.

As was said in *McNab v. Heald,* 41 Ill., 326, 330: "The rule is well recognized, that, where equity has jurisdic-

tion, and an act of the legislature confers like jurisdiction on a court of law, it then becomes concurrent in the two courts. Jurisdiction having once vested in a court of equity, it remains there until the legislature shall abolish or limit its exercise; as, without some positive act, the reasonable inference is, that it is the legislative pleasure that the jurisdiction shall remain upon its old foundations. Story's Equity, sec. 64, i. Even where courts of law have been vested by legislative enactment with equitable jurisdiction, unless there are prohibitory or restrictive words employed, the uniform interpretation is, that they confer concurrent and not exclusive remedial authority."

We have been cited to no case, and we have found none, where equity was held to be ousted of jurisdiction over an administrator merely because an action on his bond would lie. For similar reasons a resort to equity is not excluded by the remedy provided by section 34 of chapter 28 of the Compiled Statutes (Annotated Statutes, sec. 9060) in the form of a qui-tam action. This is likewise cumulative (12 Am. & Eng. Ency. Law [2d ed.], 587), and would, moreover, require a separate action by each of the creditors in whose behalf this proceeding is brought, and that against the county judge alone. It was to prevent the necessity of this, and to determine the rights of all creditors in one proceeding, that chancery originally took jurisdiction of administration suits. As was said in *Thompson v. Brown,* 4 Johns. Ch. [N. Y.], *619, *631: "A creditor has a right to come here for a discovery of assets. This is a settled and necessary right. * * * He shall be decreed satisfaction here for his debt, and this upon the ground of preventing multiplicity of suits."

The present state of law as regards the jurisdiction of equity in cases of this kind has been summarized as follows: "In the United States there are two lines of decisions in regard to the jurisdiction of equity over accounts of executors and administrators. In some states it is held that the ancient jurisdiction of courts of equity is

not divested by the statutes which confer similar jurisdiction on the courts of probate, but that such statutes merely give the courts of probate concurrent jurisdiction with courts of equity, leaving it to the moving party to proceed in either court at his option. In other states it is held that the jurisdiction given by statute to the courts of probate is exclusive, and that equity can take cognizance of the matter only when some special ground of equitable interference exists." 11 Am. & Eng. Ency. Law [2d ed.], 1191, where the authorities on each phase of the proposition are set out.

The cases relied on by defendants in error are from states which belong to the second class above mentioned. But even there the right of equity to interfere is recognized "when some special ground exists." The petition alleges that the defendant county judge fraudulently taxed and collected the fees in question, and that in this the administratrix acquiesced—in effect, a collusion between these parties. Now, fraud has always been a "special ground" of interference, regardless of other remedies. "It is objected that complainant had ample remedy at law; and this is probably true. There has nevertheless always been a concurrent remedy in equity cases of fraud." *Wyckoff v. Victor Sewing Machine Co.*, 43 Mich., 309, 312. See, also, *Wright v. Hake*, 38 Mich., 525, 532; *Tompkins v. Hollister*, 60 Mich., 470, 479; *McKinney v. Curtiss*, 60 Mich., 611, 620. Again, "chancery always has jurisdiction to enforce a trust." *Coates v. Woodworth*, 13 Ill., 654, 659. Indeed, a trust can not be enforced elsewhere than in a court of equity. *Bartlett v. Dimond*, 14 M. & W. [Eng.], 49. Ames, Cases on Trusts [2d ed.], 37, and cases cited in notes.

The defendant administratrix is a trustee (*Mahar v. O'Hara*, 4 Gilm. [Ill.], 424, 428), and the moneys belonging to the estate constitute a trust fund. *Ewing v. Maury*, 3 Lea [Tenn.], 381. "In equity, the assets which thus pass into the hands of an executor are treated as a trust fund, and held by him for the benefit of all persons interested

therein, according to their relative priorities, privileges and equities. 1 Story, Equity Jurisprudence, sec. 579. And whenever it is made to appear that there has been a misapplication of any portion of such trust fund, and it can be clearly traced into the hands of any person affected with notice of such misapplication, the trust will be held at once to attach in favor of the person who has been wronged. Idem., sec. 581." *Blake v. Chambers,* 4 Nebr., 90, 94. Moreover, it must be remembered that our inquiry is not limited to the question whether this petition sets forth ground for relief in equity. The court in which this proceeding was brought is not exclusively a court of equity; neither is it a court of law. It is a court of general jurisdiction, endowed by the state constitution with both common-law and equity powers. It had jurisdiction, therefore, to hear this cause whether legal or equitable, and to award relief accordingly. "The district courts are courts of general legal and equitable jurisdiction; no forms of action are recognized, and the court has power to administer either legal or equitable relief according as the pleadings warrant and the proof requires." *Kirkwood v. First Nat. Bank of Hastings,* 40 Nebr., 484, 24 L. R. A., 444, 42 Am. St. Rep., 683.

It is urged that the administratrix is the proper party to bring this action and that the petition alleges no refusal on her part. It does allege, however, that the administratrix has paid this money "wrongfully, unlawfully and in fraud of creditors"; that she has acquiesced in the excessive charges, "and has taken and is taking no steps whatever to recover said sums." As against a demurrer, we think this amounts to a charge of collusion and shows that the position of the administratrix is antagonistic to the interests of the creditors. "It is equally well settled that where such parties [administrators] are either in collusion with one holding property alleged to have been fraudulently transferred, or where, as in this case, it is actually claimed by them, or the trustee unreasonably refuses to sue, the creditors or other persons interested may

themselves bring an action for, or reclaim the property fraudulently transferred, making the transferees and the trustees parties." *Harvey v. McDonnell,* 113 N. Y., 526, 531.

It is also claimed that the petition fails to show that the defendant Cochran did not comply with the provisions of section 42 of chapter 28 of the Compiled Statutes (Annotated Statutes, sec. 9069), requiring him to pay the excess of fees into the county treasury, and that it must now be presumed that the county, and not the defendant, holds the money here sought to be recovered. But on referring to paragraph 9 of the petition it will be seen that plaintiff has distinctly alleged that no part of this money has ever been paid to the county, but is kept and retained by Cochran. In the face of this we can not presume that Cochran paid over other money in place of that which he holds, nor do we see how it would avail him if such a presumption could be entertained.

Whether all the averments of this petition can be maintained upon a hearing, is quite another question and one which does not now concern us; but assuming, as we must here, that they are true, we reach the conclusion that the petition is sufficient as against these demurrers, and we accordingly recommend that the judgment be reversed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.