FIRST STATE BANK OF NORTH BEND, APPELLANT, V. THOMAS J. KASTLE ET AL., APPELLEES.

FILED JUNE 17, 1929. No. 26718.

*Crossman, Munger & Barton,* for appellant.

*Dolezal, Mapes & Johnson* and *Abbott, Dunlap & Corbett,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and RAPER and REDICK, District Judges.

DEAN, J.

This suit is from Dodge county and was begun by the

First State Bank of North Bend, to enjoin Thomas J. Kastle, Anna M. Kastle, Thomas J. Kastle, Jr., a minor, Alice Kastle, Marion K. Milliken, nee Kastle, and James D. Milliken, her husband, defendants, from transferring, conveying, leasing, or in any way incumbering the title to certain described real property, "pending final determination of the rights of plaintiff and its successors in interest, and the liabilities of the defendants." The following statement appears in the plaintiff bank's brief: "The defendants, Thomas J. Kastle, Anna M. Kastle, Alice Kastle, and Thomas J. Kastle, Jr., filed separate demurrers. The defendants Milliken first filed a joint demurrer and later filed separate demurrers. The several grounds of demurrer urged by the defendants include practically all of the statutory grounds (Comp. St. 1922, sec. 8610) and others." The trial court sustained all demurrers so filed by the defendants. Thereupon the plaintiff bank, hereinafter called plaintiff, appealed from the judgment to this court to have the record reviewed.

The bank was organized on or about September 23, 1914, and has ever since, pursuant to law, maintained its corporate capacity. It appears that Thomas J. Kastle has been a stockholder and director of the bank from its organization, and from 1915 to 1922 he was its vice-president, and ever since 1922 he has been its president, and for practically all of the time mentioned herein he has been the "sole managing officer and executive" in the control and operation of the bank.

January 10, 1928, the state department of trade and commerce took possession of the assets and the business of the bank and thereafter it came under the management of the guaranty fund commission, hereinafter called the commission. The commission has continued to manage the bank as a going concern, without regard to its solvency, retaining possession of all of its money, rights, credits, and assets of every description, "in order to make an examination of its affairs and dispose thereof as provided by law." Plaintiff pleads that at the time the department took it over the bank

surrendered and turned over to the commission "all of the outstanding capital stock as evidenced by the certificates therefor * * * and said guaranty fund commission is in sole possession, control and operation of said plaintiff bank by reason thereof."

The plaintiff charges violation of the banking laws on the part of the defendant in that, when the bank's affairs were taken over by the commission, its capital and surplus each approximated $25,000, and investigation disclosed that many loans were made to individuals and corporations and also to some of the corporations' shareholders for more than 20 per cent. of the paid-up capital and surplus of the bank, all in alleged violation of law, and that such excess loans then aggregated $100,000, or thereabouts. It is also pleaded that such excess loans were knowingly and unlawfully assented to by Thomas J. Kastle, as director of the bank, and that he is therefore liable in his personal and individual capacity for the damages which the plaintiff, and its shareholders, and all other interested persons sustained in consequence thereof. And it is pleaded that the amount of the above named funds cannot be determined by plaintiff from the fact that the loans have not yet matured.

Plaintiff also pleads that a deed of conveyance was filed wherein defendant Thomas J. Kastle conveyed to his wife on September 26, 1927, in consideration of $1 and love and affection, certain real estate in Dodge county, and that, on the same day, another instrument was filed wherein Kastle and his wife conveyed to their son certain land subject to a rental of $2 an acre, and also other land for a consideration of $1 and love and affection. It is also alleged that the grantors conveyed certain lands in Dodge county to their daughter, Alice Kastle, for a consideration of $1 and love and affection, and also other land for a consideration of $2 an acre rental each year, and that, on the same day, and for the same consideration, a deed of conveyance of other lands was made to another daughter, Marion K. Kastle.

It is plaintiff's contention that the above conveyances were executed by Kastle and wife at a time when the bank

was under the supervision of the commission and that such conveyances were for the purpose of removing the title in the property beyond the reach of the department of trade and commerce or its successors.

The defendants rely on section 4, ch. 30, Laws 1925, which, *inter alia,* so far as applicable here, contains this provision:

"If the guarantee fund commission shall determine that it is impossible to preserve such (banking) institution as a going concern, then the commission shall proceed to liquidate such bank as by law provided: Provided, the district court of the district in which such bank is located may, upon application of any judgment creditor after a period of three months from the taking over of said bank by the guarantee fund commission, order the commission to close said bank, and liquidate the same, as provided by law."

Defendants here point out that plaintiff is without legal capacity to sue or to maintain this suit from the fact that the bank was taken over by the department January 10, 1928, and the suit was begun January 27, 1928, or only 17 days thereafter, instead of "a period of three months from the taking over of said bank" by the commission, as the above cited section provides, and that the commission had not at any time determined whether the bank could be continued as a going concern.

The plaintiff bank was given 30 days in which to amend its petition, but did not avail itself of this opportunity and, no amendment having been made, the court sustained defendants' demurrers.

It does not appear that plaintiff has pleaded actionable facts. It is well settled in this jurisdiction that a mere general creditor, who has not reduced his claim to judgment, cannot maintain an action to enjoin a debtor from transferring his property. *Crowell v. Horacek,* 12 Neb. 622; *Missouri, Kansas & Texas Trust Co. v. Richardson,* 57 Neb. 617; *Merchants Nat. Bank v. McDonald,* 63 Neb. 363. And in *Brumbaugh v. Jones,* 70 Neb. 786, the above rule, in language that was specifically plain, was announced:

634

"A creditor whose claim has not been reduced to judgment, and who has neither a general nor specific lien on his debtor's property, is not entitled to have such property impounded as security for the claim, nor is such creditor entitled to an injunction restraining his debtor from disposing of some or all of his property."

Reversible error has not been pointed out. It follows that the judgment must be and it hereby is

AFFIRMED.