PENN MUTUAL LIFE INSURANCE COMPANY, APPELLEE, V.
LORENA KATZ, APPELLANT: MARTHA YOUNG, APPELLEE.

297 N. W. 899

FILED MAY 2, 1941.   No. 31008.

*Ziegler, Dunn & Becker* and *D. L. Manoli,* for appellant.

*Sidney W. Smith* and *Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, MESSMORE and YEAGER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

The question for decision is whether the mortgagor or the mortgagee is entitled to receive rents from the lessee of a rooming house in Omaha, Douglas county, Nebraska, after decree of foreclosure and request for stay pending redemption or sale and confirmation, the mortgagor in default having given a written assignment of the possession

and rents to the mortgagee as consideration for an extension.

The facts are not in dispute. On March 26, 1924, defendant Lorena Katz, a widow, mortgaged the property for $20,000, which mortgage, for valuable consideration, was assigned to plaintiff. Thereafter, on April 26, 1929, an extension agreement to April 1, 1934, was executed by the parties. Defendant being in default and the mortgage extension past-due, on May 11, 1934, they executed another extension agreement payable in instalments until April 1, 1939. At the same time that the latter extension agreement was executed, and as a part of the same transaction, defendant made, executed, acknowledged and delivered to plaintiff a written assignment of the possession of the mortgaged property, and all the rents due or to become due from the lessee thereof, until the obligation was paid or until plaintiff was entitled to possession by order of the court or operation of law. The assignment provided that, if defendant were in default 30 days, she would deliver all existing leases to plaintiff who would then be the owner thereof. The extension agreement and the assignment, separate instruments, were both recorded in Douglas county, Nebraska, as provided by law, on June 12, 1934. On January 6, 1939, defendant having been in default since October 1, 1938, plaintiff sent a written notice to defendant, her attorneys, and Martha Young, lessee, demanding payment of rents to plaintiff as provided in the assignment. Defendant failed to comply with the demand or pay the delinquencies, and on March 13, 1939, plaintiff filed foreclosure proceedings in the district court for Douglas county, Nebraska, making Lorena Katz, mortgagor, and Martha Young, hereinafter called the tenant, parties defendant. The tenant had been in possession of the property as lessee, conducting a rooming house, for 15 years. The parties concede that she was a proper party defendant. Issues were joined between plaintiff and defendant; the tenant defaulted, and on May 20, 1939, a decree of foreclosure was entered finding that the allegations of plaintiff's petition were true and

finding and adjudging generally for plaintiff. On May 23, 1939, defendant filed a request for stay of 9 months, thereby waiving appeal and staying the proceedings to give opportunity for redemption or permit a sale and confirmation. On September 28, 1939, and again on October 14, 1939, plaintiff, in writing, notified defendant, her attorneys of record, and the tenant, that payments of rent must be made to plaintiff as provided in the assignment of rents. Accordingly, on October 31, 1939, the tenant delivered to plaintiff her check for $140, the November, 1939, rent. Thereupon, defendant served a 3-day notice to quit upon the tenant who stopped payment of the check. Thereafter, on November 3, 1939, the tenant, being in doubt as to whom she should pay the rents, filed an application in the foreclosure suit, setting up the above facts, and asked the court for directions. Plaintiff filed answer to the application. Defendant did not file answer but stipulated in open court that the issues thereon might be heard and determined as if she had filed a general denial. There was a hearing, evidence was adduced in open court, all parties being present with their attorneys, and on February 29, 1940, the trial court found and adjudged that plaintiff, mortgagee, by reason of the assignment, was entitled to the rents, $140 a month, accruing from the tenant including and since November 1, 1939, and that for such purpose plaintiff was entitled to possession until title should pass to the purchaser of the premises at sheriff's sale. The court ordered that such rents be paid to plaintiff or to the clerk of the district court, to be accounted for and applied upon the interest accruing and the mortgage debt.

Defendant Lorena Katz appeals, contending that the trial court had no jurisdiction to enter such an order in this action, and that its decree is contrary to law and equity.

The question of jurisdiction in a technical sense is not presented by the record as submitted to this court. By stipulation, defendant proceeded to trial upon a general denial without presenting the question of jurisdiction in any manner except in this appeal. "The district courts are

courts of general legal and equitable jurisdiction, no forms of action are recognized, and the court has power to administer either legal or equitable relief according as the pleadings warrant and the proof requires." *Kirkwood v. First Nat. Bank of Hastings*, 40 Neb. 484, 58 N. W. 1016; *McGlave v. Fitzgerald*, 67 Neb. 417, 93 N. W. 692. "Equity will devise a remedy to meet emergencies, and will adjust the property interests of litigants whenever it can do so without prejudice to the legal or equitable rights of any person." *Tarnow v. Carmichael*, 82 Neb. 1, 116 N. W. 1031. "Ordinarily, equity rules are not fixed and rigid in order that equity courts may be free to mold remedies to fit the conditions with which they have to deal." *Ricketts v. Lincoln Safe Deposit Co., ante*, p. 318, 297 N. W. 544. "A court of equity will not draw fine distinctions or indulge in mere technicalities to favor the commission of a wrong." *Pettit v. Louis*, 88 Neb. 496, 129 N. W. 1005. The rule is that, where courts like ours are clothed with both law and equity powers, relief will not always be denied on the ground that a litigant has mistaken the remedy. "Where the party, having the right to object, voluntarily submits to the jurisdiction of a court of equity, the cause will be retained for trial on its merits and the proper relief awarded." *Sherwin v. Gaghagen*, 39 Neb. 238, 57 N. W. 1005.

Defendant contends, relying upon *Huston v. Canfield*, 57 Neb. 345, 77 N. W. 763, that in a foreclosure action the court cannot divert the rents of the mortgaged premises from the tenant in possession claiming title under the mortgagor, except by the appointment of a receiver pursuant to statutory provisions. Of course, this contention is true unless the stipulation *inter partes* makes the rule otherwise. Section 76-235, Comp. St. 1929, provides: "In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof." Thus, we come to the question whether a stipulation permissible by statute is valid and enforceable.

The chief controversy in *Huston v. Canfield, supra*, was

between the first and second mortgagee. The court held that the second mortgagee having obtained possession by stipulation with the mortgagor, as permitted by the above statute, was entitled to the rents precisely the same as the owner mortgagor would have been, had he retained possession, and that, in the absence of the appointment of a receiver by the court, such mortgagee was entitled to the possession of the property and the rents therefrom. We have a similar situation in the case at bar, except that the controversy is between the mortgagor and the mortgagee. The statute, section 76-235, Comp. St. 1929, defines the public policy of this state by using the words "In the absence of stipulations to the contrary." *Felino v. Newcomb Lumber Co.,* 64 Neb. 335, 89 N. W. 755, confirmed it by saying: "A provision in a real estate mortgage that, in case of a default in the payment of the debt thereby secured, the mortgagee shall be entitled to the immediate possession of the premises, is valid as to the parties and subsequent purchasers and incumbrancers chargeable with notice. * * * In the absence of any statutory regulation, the mortgagee is entitled to the possession of the premises. Jones, Mortgages, sec. 667. The only statutory regulation on the subject in this state is that to be found in section 55, ch. 73, Compiled Statutes (now section 76-235, Comp. St. 1929). * * * This provision leaves it competent for the parties to a mortgage to stipulate for the investiture of the mortgagee with the legal title and right of possession, which carries with it the right to the rents and profits. As we have seen, in this case the mortgage expressly provided that upon the forfeiture of the mortgage, or in case of default in any of the payments, the mortgagee should be entitled to the immediate possession of the premises. * * * (Cases cited.) These cases, while not directly in point, clearly recognize the right of the mortgagee to the possession of the premises under a stipulation like the one under consideration. * * * That the mortgagee in possession would be required to account for the rents and profits, will be conceded, but such account should be taken in the suit to

foreclose or in a suit to redeem." See, also, *Higginbottom v. Benson,* 24 Neb. 461, 39 N. W. 418; *Kirkendall v. Weatherley,* 77 Neb. 421, 109 N. W. 757; *Pettit v. Louis, supra;* 41 C. J. 610; 19 R. C. L. 317, sec. 93. There are like authorities from other jurisdictions which we deem it unnecessary to cite in this opinion, this court having passed directly upon the questions presented for decision.

The court concludes that an assignment of possession and rents by the mortgagor to the mortgagee, effective upon default and given as consideration for an extension of a mortgage then in default, is not against the public policy of this state and is valid and enforceable. When an assignment of the possession and rents is lawfully executed by the mortgagor and, upon default, demand for its observance is timely made but refused,. parties plaintiff or defendant may file application for its adjudication in the foreclosure action still pending and, upon issues joined thereon, the court may retain the same for trial and award that relief to which the parties are entitled.

The decree of the trial court was correct, and it is

AFFIRMED.