FRANK FAULKNER v. S. N. WHITE & SON.

[FILED OCTOBER 14, 1891.]

Negotiable Instruments: FRAUDULENT TRANSFER BY BAILEE: BONA FIDE PURCHASER. A promissory note made by R. in favor of F. was secured by a mortgage on real estate. About the time the note became due the payee indorsed it in blank

and delivered it to one S. to effect a trade with a third party. S. did not effect the trade but disposed of the note for his own benefit to one W. for goods for about two-thirds of its face value. Afterwards the maker and payee of the note entered into an agreement by which it was paid in full and the mortgage discharged. Afterwards W., the purchaser of the note from S. and who had possession of the same, brought an action thereon against F. as indorser. *Held*, That as the indorser had clothed S. with apparent authority to dispose of the note, that the indorser was bound by this action of S.; but as he had disposed of the same in fraud of the rights of his employer, the transferee could recover only the amount paid with interest thereon.

ERROR to the district court for Colfax county. Tried below before POST, J.

*Grimison & Thomas*, for plaintiff in error, cited: *Haas v. Sackett*, 41 N. W. Rep. [Minn.], 237; *Chase v. Whitmore*, 9 Pac. Rep. [Cal.], 942.

*Phelps & Sabin, contra*, cited: *Chase v. Whitmore*, 9 Pac. Rep. [Cal.], 944; *Combes v. Chandler*, 33 O. St., 184; *Moore v. Bank*, 55 N. Y., 41; Pomeroy, Leg. Rem., 160; *Oberne v. Burke*, 30 Neb., 581; *Webster v. Wray*, 17 Id., 579; *Shamp v. Meyer*, 20 Id., 223; 1 Lawson, Rights, Rem. & Prac., sec. 57.

MAXWELL, J.

This action was brought in the district court of Colfax county by the defendants in error against the plaintiff in error, the cause of action being set forth in the petition as follows:

" On the 16th day of October, 1884, the defendants Ralston executed and delivered to the defendant Faulkner, his certain promissory note, in words and figures following:

" ' $45.00.                SCHUYLER, NEB., Oct. 16, 1884.

" ' Nine months after date, for value received, I, E. D. Ralston, promise to pay to the order of Frank Faulkner

forty-five dollars, with interest at the rate of 10 per cent per annum from date. The drawers and indorsers severally waive presentment for payment, protest, and notice of non-payment of this note, and all defenses on ground of extension of time of its payment that may be given by the holders to them, or either of them.    E. D. RALSTON.'

" To secure the payment of said note the defendant Ralston and his wife, on the 16th day of October, 1884, executed and delivered to the defendant Faulkner their certain mortgage deed, and thereby conveyed to the said Faulkner the following described premises: Lots 5, 6, and 7, in block 39, in Clarkson's first addition to Schuyler.

" That on the —— day of ——, 188 —, the date and time being unknown to these plaintiffs, the defendant Faulkner indorsed said note and sold and transferred the same to the defendant Smith, conferring upon him the apparent absolute ownership and all the *indicia* of title, with full power to sell, transfer, or do with it whatsoever he chose.

" On the 9th day of January, 1885, said note being then wholly unpaid and a valid and binding obligation, with no defense existing against it, the defendant Smith, he being at that time the owner and holder thereof, indorsed and transferred the same to these plaintiffs for a valuable consideration in the due course of business, who then became and ever since have been the owner thereof.

"On the 25th day of September 1886, the defendant Faulkner paid these plaintiffs on said note the sum of $18.50.

"That on the 18th day of March, 1886, the defendants Ralston and Faulkner entered into the following agreement:

"'Know all men by these presents, that I, Frank Faulkner, of Schuyler, Colfax Co., Neb., am held and firmly bour d unto E. D. Ralston, of the same place, in the penal sum of $800, for the payment of which, well and truly to be

made, I do hereby bind myself, my heirs, executors, and as-signs, if default be made in the condition following, viz.: Whereas, James Edmison and wife have conveyed to me by general warranty the S. ½ of S. W. ¼ of sec. 3, town 18 north, of range 3, in Colfax county, Neb., in consideration of which and of the covenants hereinafter conditioned on my part to be kept and performed, the said E. D. Ralston and wife have conveyd to Matilda Edmison lots 5, 6, and 7 in block 39, in Clarkson's first addition to the town of Schuy-ler: Now, therefore, I, in consideration, hereby agree and undertake to pay to said E. D. Ralston the sum of $100, and to release and discharge a mortgage which I now hold against said last described, and to pay and satisfy a certain mortgage and the debt thereby secured, which (a third per-son named) holds against said last described premises, with interest accrued and to accrue thereon, and to pay all taxes, liens, and assessments against said premises which said E. D. Ralston may be justly and legally liable and bound to pay. Upon the fulfillment of the foregoing conditions and covenants this obligation to be void, otherwise to be and remain in full force and effect.

" 'In testimony whereof I have hereunto set my hand this 18th day of March, 1886.

" 'FRANK FAULKNER.

" 'In presence of
    " 'GEO. H. THOMAS.'

"The plaintiff further alleges that this agreement en-tered into between the defendants Faulkner and Ralston was entered into with the intention and purpose, among other things, of making provision for the payment of said note and mortgage held and owned by the plaintiff.

"That on the 30th day of April, 1886, the defendant Faulkner satisfied and released said mortgage given as security for said note, of record, no part of said note has been paid except said sum of $18.50, and there is now due the plaintiff from the defendant on said note and agree-

Faulkner v. White.

ment the sum of $35.20 and interest at ten per cent from the 23d day of September, 1886."

The answer contains a number of specific denials and admissions. It is admitted that the plaintiff in error paid the defendants in error on the claim the sum of $18.50, but it is alleged that this was done as a friendly act and not as a recognition of the note. The reply is a general denial.

On the trial of the cause the court found the issues in favor of the defendants in error for the full amount of the note and rendered judgment accordingly.

The testimony sustains the principal allegations of the petition.

There is a paucity of dates in the pleadings and evidence which renders it difficult to determine the exact time when certain transactions took place. It does appear, however, that about the month of March, 1886, the contract was entered into with Ralston and the conveyance received by which the note in question became satisfied and the mortgage discharged. Prior to this time the defendant in error had indorsed the note, and delivered the same to Smith, who traded it to the defendants in error for a stove worth about $30. The defendants in error claim to be innocent purchasers of the note for a valuable consideration and without notice, and there is testimony in the record tending to establish that defense. Smith, however, had no right morally to transfer the note for his own benefit. It was in violation of the trust reposed in him by the plaintiff in error. In other words, Smith had apparent authority to transfer the note, and did so transfer it to the defendants in error; but if the testimony before us is true, he fraudulently abused the trust placed in him by the plaintiff in error, and converted the note to his own use and received about two-thirds of the face value thereof. The note was not his. It was converted in fraud of his principal, and the same rule will be applied as when the instrument was obtained by fraud, viz., that the purchaser

will be protected only to the extent of the consideration paid by him.   The judgment of the court below, therefore, will be modified to conform to this opinion, and as thus modified will be

AFFIRMED.

THE other judges concur.