PROGRESSIVE MERCHANTS Co., INC., Plaintiff, *v.* ELKAT REALTY Co., INC., and Others, Defendants.

Supreme Court, Bronx County, April 17, 1930.

*Gould & Newman,* for the petitioner.

*David Blick,* respondent in person.

HAMMER, J.   This motion is for substitution of attorneys for the plaintiff and to require the present attorney to turn over to the substituted attorneys all the papers in the action, including the bond and mortgage in suit.   The present attorney objects, asserting an attorney's lien, and demands as a condition of substitution payment of his fees and disbursements.   The present attorney, while having that status and relationship to the plaintiff, has agreed to look to one Berger, or Berkat Realty Company, Inc., for compensation, and " to handle the foreclosure proceedings (this action) without expense to the Progressive Merchants Co., Inc." (plaintiff).

The principal of the bond and mortgage in suit is $70,000.   They were made by defendant Elkat Realty Co., Inc., to Berkat Realty Company, Inc.   The latter pledged the bond and mortgage as collateral for indebtedness to the plaintiff herein.   The amount of the debt is not stated in the papers, but it appears that it is considerably less than the principal of the bond and mortgage.

It is clear that while of record the attorney is acting for the plaintiff, in reality he has been engaged by Berger or Berkat Realty Company, Inc., to foreclose the mortgage and collect the principal thereof in the interest of the latter, although, incidentally, to protect the value of the collateral for the plaintiff.   This was the reason why Berger or Berkat Realty Company, Inc., nominated the attorney, were to pay for his services, and why the attorney agreed to handle the foreclosure proceedings without expense to the plaintiff.

Since the commencement of the action Berger and Berkat Realty Company, Inc., have become financially unable to pay the plaintiff's present attorney for his services being rendered in this

action. In addition, since the commencement of the action Berkat Realty Company, Inc., has assigned absolutely its entire interest in the bond and mortgage in suit to plaintiff. The plaintiff in seeking the substitution of attorneys refused to pay the attorney for his services and asserts that by reason of the agreement it is not liable therefor, and is resisting the attorney's efforts to establish a lien on the papers in the action and the proceeds of the suit. In the absence of agreement it is clear that, having appropriated the benefit of the attorney's services, the plaintiff would have been liable for the reasonable value of the same and the attorney would have a lien therefor on all the papers in the action including the bond and mortgage. (*Schoenherr* v. *Van Meter*, 215 N. Y. 548.)

There is no question raised here of an abandonment of the cause by the attorney or claimed termination of the relationship by a refusal to continue unless paid, although there is some suggestion to that effect in the papers. Indeed, on oral argument it was stated by counsel now appearing for the plaintiff that the sole questions involved were the reasonable value of the present attorney's services to date and the method by which, if he was entitled to protection in his claimed lien, the same could be given to him. The present attorney asserts that the reasonable value of his services is $3,000 with the taxable costs of this action in addition. In my opinion the use of contemplated future costs in an action as the basis of reasonable compensation for the services rendered by an attorney is at least questionable. This action, however, has not been tried and it cannot now be determined which party, as the victor, will be entitled to costs, or the amount of same, some part of which at least will be in the discretion of the court. In so far as they are shown by the affidavits before me, I am of the opinion that the present attorney's services are of the reasonable value of $2,000. He has received $800 on account. If the parties so stipulate, the reason ble value will be so fixed and the balance determined at $1,200. If the parties will not so stipulate, but in writing agree upon a reference, I will send the question of reasonable value of services and the amount, if any, of disbursements incurred to a referee, to be named. In my opinion the attorney, by his agreement, waived his lien on the bond and mortgage, but such waiver was to the extent only of the amount of indebtedness owed by Berger or Berkat Realty Company, Inc., to plaintiff as of the date of said agreement, retained his right of lien upon, and now has an attorney's lien on the balance thereof. (*Ross* v. *Bayer-Gardner Himes Co.* [*Matter of Old Colony Realty Corp. and Aitken*], 123 App. Div. 404; *Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489, affg. 64 Barb.

146; *Skinner* v. *Busse*, 38 Misc. 265; *Pettibone* v. *Thomson*, 72 id. 486.)

Accordingly, substitution will be ordered, with the lien of the present attorney declared in the interest of Berger or Berkat Realty Company, Inc., which was assigned to plaintiff herein after the date of said agreement. Such lien by the order to be entered herein will be in no wise impaired, but will continue to remain in full force and effect. (*Jeffards* v. *Brooklyn Heights R. R. Co.*, 49 App. Div. 45.) Appropriate provision may be made in the proposed order to that effect. Subject thereto the present attorney will be directed to turn over all of the papers in the action, including the bond and mortgage, to the substituted attorneys. Further provision may be contained in the order that in the event the property described in the mortgage is sold herein under judgment of foreclosure and plaintiff purchases the same under the foreclosure sale, such lien will carry on to the property to the extent indicated, and if sold to any other purchaser the lien will carry on to the funds to the extent indicated. Settle order on notice.