WILLIAM C. GUTHRIE v. HOME BUILDING AND LOAN CO.

156 So. 882.

Opinion Filed October 12, 1934.

*H. L. Anderson,* for Appellant;

*Milam, McIlvaine & Milam,* for Appellee.

DAVIS, C. J.—An amended bill filed by Guthrie alleged that complainant, an attorney at law, was employed by appellee, Home Building and Loan Company, to foreclose certain mortgages and render certain other legal services, for which complainant should be declared to have a lien, which lien should be enforced against the appellee's properties. The Chancellor dismissed the bill as being without equity. Complainant has appealed.

Since this cause was decided in the court below this Court has concluded some of the propositions involved herein, by its decision rendered in the case of Scott v. Kirtley, 113 Fla. 637, 152 Sou. Rep. 721. See also: Alyea v. Hampton, 112 Fla. 61, 150 Sou. Rep. 242, and Smith v. Tydings, 100 Fla. 1414, 131 Sou. Rep. 319.

If as attempted to be alleged in the amended bill of complaint the complainant has an equitable interest to be subserved by the payment over to him of certain moneys that are due to be paid to him from time to time by defendant when and as certain lands and properties foreclosed upon (to which it is alleged defendant has acquired the title by reason of the legal services furnished by complainant in that behalf) are resold by the defendant and the purchase price thereof realized by it, complainant may have an equity against defendant in the nature of a right to specific performance of the defendant's agreement to pay over to him, as the rightful recipient thereof, those moneys which when and after receipt, would constitute complainant's attorney's fees, and concerning which defendant would be charged with a liability to account because of the trust nature of

the underlying transactions and relationship between the parties heretofore transpiring with reference thereto.

But neither the original bill nor the amended bill seems to have been framed on any such theory, but rather on the theory that complainant has a present lien against the properties themselves, not on the proceeds of the sale thereof for the amount of his attorney's fees included therein.

The orders sustaining defendant's motions to dismiss the original bill and the amended bill will not be held erroneous because it was within the province of the Chancellor to finally dismiss bills which were wholly unsustainable on the special and particular theory upon which they purported to be founded. This is so, even though the allegations of such bills disclose the possibility of their being so amended and restated as to make a controversy of equitable cognizance of an entirely different character, should wholly different relief be prayed for. However, the rights of the complainant to recast his bill with proper allegations and to seek in a court of equity all proper relief incident thereto, should have been saved in the court below by so qualifying the finial decree of dismissal herein entered, as not to bar or preclude a new suit on an appropriate equitable basis.

The decree of dismissal is here modified to accord with the holding of this opinion and as so modified, is affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., agrees to the conclusion.