LEE CARD, APPELLANT, V. ANNA ROSE GEORGE ET AL.,
APPELLEES.
299 N. W. 487

FILED AUGUST 1, 1941. No. 31051.

*Lee Card, pro se.*

*Charles A. Fisher, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and KROGER and ELLIS, District Judges.

KROGER, District Judge.

In its inception this was an action to foreclose an attorney's lien. To the original petition a demurrer was sustained and thereupon an amended petition was filed praying that a certain transfer of real estate be set aside as fraudulent as to creditors and particularly as to the plaintiff, and praying that plaintiff's claim be established as a lien on said real estate and his lien foreclosed. From a judgment denying the relief prayed for plaintiff appeals.

The record discloses that Lee Card, an attorney at law residing at Chadron, performed some professional services for one Margaret E. Kurt during the years 1936 to 1938, inclusive, for which services he was never paid; that Margaret E. Kurt died on the 25th day of June, 1938, and that on the 19th day of June, 1938, by warranty deed, she conveyed all of her real estate to her daughter Anna Rose Kurt George; on the 16th day of May, 1938, Lee Card, the plaintiff, executed an instrument which is designated "Affidavit for Attorney's Lien," in which instrument he claimed an attorney's lien on the real estate owned by Margaret E. Kurt, which instrument was filed with the county clerk of Dawes county on the 16th day of May, 1938. It was this claimed lien which plaintiff sought to foreclose in his original petition.

The record discloses beyond dispute that Margaret E. Kurt possessed no property at the time of her death, nor were there any debts save the expense of her last sickness and whatever her indebtedness might be to the plaintiff. No administration of her estate has been had or asked for. Upon this state of facts the appellant insists that a court

of equity should set aside the transfer as being fraudulent as to creditors, impose on said real estate a lien for his services, order the amount found due paid, and in default of payment that the premises be sold for the satisfaction of such lien.

At the outset it is apparent that the plaintiff never at any time had a lien on the real estate of Margaret E. Kurt.

Section 7-108, Comp. St. 1929, gives an attorney a lien for a general balance due upon any papers of his client which have come into his possession in the course of his employment; upon money in his hands belonging to his client, and upon money in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

Except as provided by statute, an attorney has no lien for services performed by him.

The statute does not give an attorney a lien upon any real estate belonging to his client and the claimed lien in this case was a nullity. The record further shows that the plaintiff was not a judgment creditor of Margaret E. Kurt.

This court has held: "A creditor whose claim has not been reduced to judgment, and who has neither a general nor specific lien on his debtor's property, is not entitled to have such property impounded as security for the claim, nor is such creditor entitled to an injunction restraining his debtor from disposing of some or all of his property." *Brumbaugh v. Jones,* 70 Neb. 786, 98 N. W. 54. To the same effect is the holding of this court in *First State Bank v. Kastle,* 118 Neb. 630, 225 N. W. 776.

Appellant argues, however, that Margaret E. Kurt transferred all of her property before her death and that at the time of her death she was insolvent, and that therefore it would be a useless thing to administer her estate and have his claim presented and acted upon in the probate court, and cites the case of *Scheve v. Vanderkolk,* 97 Neb. 204, 149 N. W. 401, as supporting his position.

On the general question thus raised it might be said that

there are a number of states which hold as contended for by appellant, but this court is committed to the rule that before the transfer can be attacked one must be a judgment creditor or have a general or specific lien on the property. Where, as here, the debtor dies before the claim is reduced to judgment, the creditor must ask to have the estate administered and his claim allowed in the probate court before he is in the position of a judgment creditor.

The case of *Scheve v. Vanderkolk, supra,* was one where the provisions of the "Bulk Sales Law" were involved and was disposed of with particular reference to that act and is not controlling here.

The record disclosing that appellant was neither a judgment creditor nor the holder of a general or specific lien, the judgment of the trial court was correct and is

AFFIRMED.