BENTON F. MARSHALL, APPELLEE, V. CLARA M. REED
CASTEEL ET AL.,: LEE CARD ET AL., APPELLANTS.
8 N. W. (2d) 690

FILED MARCH 26, 1943. No. 31501.

*Anson H. Bigelow,* for appellants.

*Robert R. Wellington, Allen, Requartte & Wood* and *James L. Brown, contra.*

*Lee Card, pro se.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

In this action plaintiff sues several defendants seeking to quiet his title to lands against clouds of record. This appeal relates only to the defendant Lee Card, who claims an attorney's lien, and resists plaintiff's right to have a decree until plaintiff does equity and pays or offers to pay the amount of defendant's claim. The trial court entered a decree for plaintiff. Defendant appeals. We affirm the judgment of the trial court.

This case arises as a result of the following factual situation.

March 17, 1920, James W. Good and wife executed a note for $3,000 payable to C. Harris Reed, secured by real estate mortgage upon the land involved in this action. This mortgage was assigned by Reed on September 3, 1920, to the Chadron State Bank as security for a loan. The Reed loan was not paid to the bank and the Good note and mortgage were in default. With the consent of the bank Reed

brought a foreclosure action on the Good mortgage, the petition being filed June 16, 1923, the defendant representing Reed as his attorney. The case took its way through the courts, including an appeal to this court, *Reed v. Good,* 114 Neb. 777, 209 N. W. 619. An amended petition was filed April 29, 1927. Reed died and his administratrix was substituted as a party plaintiff. The matter went to decree on November 7, 1927.

Under date of October 28, 1927, defendant prepared a "Claim of Attorney's Lien" reciting that as attorney for the plaintiff he claimed a lien "against the decree entered herein and the title affected by the proceedings in this cause" for professional services in the sum of $700. This he filed in court on January 4, 1928.

January 23, 1928, the Chadron State Bank intervened, set up that it was the owner of the note and mortgage and the court entered an order that the bank was the beneficial plaintiff, and that the action was to proceed for its use and benefit. In the same decree a sale previously made was set aside and new sale ordered. Subsequently sale was had to the bank and confirmed on March 5, 1928. Defendant continued to act as attorney for the plaintiff and delivered the sheriff's deed to the bank. On January 30, 1929, the bank paid defendant $100. Defendant in his answer alleges that on or about April 18, 1928, a hearing was held in the district court, on citation of the bank seeking to have his claimed lien declared null and void, and that the court denied the request of the bank. Defendant testified to this hearing and that the court "arose from his chair * * * and went out and denied them the relief they asked for." No record is shown of this proceeding, no order was made and it cannot be determined what issues were presented nor what action taken. The judge who heard this matter is the same judge who has heard this matter throughout. The bank failed, and on July 26, 1933, the court confirmed a sale to one G. Kennedy who on February 20, 1941, conveyed the land to the plaintiff. It was stipulated that the plaintiff and his predecessors in title had had possession and legal title of said lands since February 14, 1930.

Defendant by answer alleged this general history and prayed that the petition be dismissed as inequitable and unconscionable and that he recover costs.

On October 7, 1941, the trial court quieted title in plaintiff against the claimed lien of the defendant.

Section 7-108, Comp. St. 1929, provides: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party."

Construing this statute this court has said: "Except as provided by statute, an attorney has no lien for services performed by him." *Card v. George*, 140 Neb. 426, 299 N. W. 487.

Defendant's position is that at the time he filed the lien the title to the land was in the adverse party, Good; that the land was used to pay the decree; that it was, therefore, "money in the hands of the adverse party" and subject to an attorney's lien; that the title passed to the bank and its successors in title subject to that lien; that the statute of limitations does not destroy the lien but denies only a remedy; and that equity will follow the land and require the plaintiff to do equity as a condition of relief. Defendant seeks a modification of the trial court's decree so as to require payment of the lien as a condition to equitable relief.

The trial court based its decision on the ground, among others, that the statutes do not provide for an attorney's lien against real estate.

The inception of defendant's lien rights, if any, must be determined as of the date he filed his claim of lien. At that time the land here involved was real estate (not money), the title to which was in the "adverse party," Good, subject to the foreclosure decree. This the defendant recognized when he filed his claim of lien against the decree and the "title affected by the proceedings." That land never became

money in the hands of the adverse party. The legislature, clearly, did not intend that an attorney should have an attorney's lien under such circumstances. Had they so intended it would have been a simple matter to have so stated the law. The court does not have the power to extend the act by construction beyond its plain terms, so as to give a right to a lien where under the statute no lien right is granted. The plaintiff was entitled to a decree removing the cloud of the claimed lien.

The judgment of the district court is affirmed.

AFFIRMED.

The following opinion on motion for rehearing was filed November 26, 1943.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

On motion for rehearing it is urged that the case of *Zentmire v. Brailey*, 89 Neb. 158, 130 N. W. 1047, is controlling in the instant case. There an attachment action was brought and an attorney's lien filed in the attachment action. Subsequently the plaintiff dismissed the action without the consent or knowledge of his attorney. The attorney then proceeded promptly to secure a reinstatement of the attachment suit to the extent of his lien and proceeded to enforce his lien in the attachment action as an adverse party to his former client. There the attorney used the processes of the court to protect and enforce his lien in the action where the services were rendered.

Here the attorney proceeded for his client. He secured a confirmation of the sale under foreclosure decree. He delivered the deed to his client. Here the attorney actively

conducted the proceedings by which the land was sold to satisfy the decree upon which he claimed the lien. He at no time took any steps to enforce his lien in the foreclosure action. He does not here undertake to enforce his alleged lien. He merely asks that an equity court refuse to quiet title against the alleged lien until he is paid.

Syllabus point number two of the original opinion is more comprehensive than the facts here warrant. It is withdrawn and the following substituted in its stead. "In a foreclosure action, where plaintiff's attorney filed an attorney's lien against the decree and the land involved, and the land was sold to the judgment creditor to satisfy the decree, the attorney secured a confirmation of the sale and delivered the deed to the purchaser, title to the land passed to the purchaser free from the lien."

The motion for rehearing is denied.

PAINE, J., concurring.

I hesitate about adding anything to the opinion released March 26, 1943, and found *ante,* p. 68, 8 N. W. (2d) 690, and the supplemental opinion to which this is attached, for the reason that these two concise opinions, with which I concur, written by the Chief Justice, definitely dispose of the matters before us in the case at bar. However, while the only question involved is the validity of an attorney's lien, I personally believe that a little further discussion of the subject and a review of some of our early Nebraska decisions may prove helpful.

In the case at bar, an action in equity was brought to quiet title to land in Dawes county, and to cancel and remove several clouds of record from plaintiff's title. By decree entered October 7, 1941, all defects in and clouds upon the title of plaintiff were forever removed, and plaintiff's title forever quieted against all defendants, and he was decreed to be the sole owner in fee of said land. The attorney's lien of defendant Lee Card was thus canceled and annulled, and he was enjoined from asserting any right, title, or lien in and to said lands. Lee Card is the only defendant appealing therefrom.

In Nebraska, an attorney's retaining lien, as provided in section 7-108, Comp. St. 1929, may be defined as the right of an attorney at law to retain possession of such documents, money, or other property of his client coming into his hands by virtue of the professional relationship, until he has been paid for his services, or until he voluntarily surrenders possession of the property, with or without payment. See 2 Thornton on Attorneys at Law, 970, sec. 573.

An attorney ordinarily has no lien for fees against land which client acquired by reason of attorney's services in foreclosure proceeding (*Guthrie v. Home Building & Loan Co.,* 116 Fla. 822, 156 So. 882), in the absence of a special contract or agreement, unless the statute gives him right thereto. See *Hagearty v. Ryan,* 123 Conn. 372, 195 Atl. 730; *Keehn v. Keehn,* 115 Ia. 467, 88 N. W. 957; *Martin v. Harrington,* 57 Miss. 208.

There are a few states in which the statute gives an attorney a lien upon land, among them Alabama, Georgia, Kentucky and Indiana. See *Owens v. Bolt,* 218 Ala. 344, 118 So. 590; *Booram v. Day,* 216 Ind. 503, 25 N. E. (2d) 329.

By a Georgia statute, attorneys have lien upon all suits for the recovery of real or personal property. This not only covers the judgments received, but attaches to the **real property** which they have recovered. See *Prudential Ins. Co. v. Byrd,* 188 Ga. 527, 4 S. E. (2d) 175.

Under section 107 of the Kentucky statutes, it has been steadily held that the attorney's lien applies to property as well as money, and where the suit is for land, the attorneys, if successful, are entitled to a reasonable fee with a lien on the land. See *Getaz v. Eversole,* 234 Ky. 164, 27 S. W. (2d) 688. Therefore, cases cited from any state where the statutes give an attorney a lien on land are not helpful in deciding a Nebraska case.

By the great weight of authority, an attorney, in the absence of specific statute or a contract providing therefor, has no charging lien against land involved in the litigation, which he has recovered for his client, or the title to which

he has successfully defended against attack. See Annotation, 93 A. L. R. 670, supported by citations from more than 12 states. See, also, 6 C. J. 780; 7 C. J. S. 1174.

We will now consider several cases very closely in point. In *Enos v. Keating,* 39 Wyo. 217, 275 Pac. 131, the attorneys made a written contract with Enos, an Indian, that they should receive one-half of the moneys or land which they recovered, the property having been conveyed by Enos during his minority. The attorneys gave notice of the lien and brought suit. In this long opinion Justice Riner reviewed many of the early cases, and stated that the contract did not undertake to establish a lien, it was merely an attorney's contingent fee contract, and the action, if successful, would simply have revested the title to the land in Enos, it would not have secured a money judgment. Therefore, at the time that Enos severed his connection with his counsel and dismissed the action, the contract with his attorneys was simply an executory agreement, which did not give his attorneys any legal or equitable interest in the land which was the cause of action.

In a New York case, the Berkat Realty Company employed an attorney to foreclose a bond and mortgage of $70,000 made by the Elkat Realty Company, defendant. After the action was commenced, the mortgagee became insolvent, and assigned its entire interest in the bond and mortgage to the Progressive Merchants' Company, who refused to pay the original attorney, and substituted its own attorney. It was held that the lien of the original attorney was in no wise impaired by the assignment, and such lien, of the reasonable value of $2,000, is in full force and effect, and that, in the event the property is sold under judgment of foreclosure, the lien will carry on to the funds to the extent indicated. *Progressive Merchants' Co. v. Elkat Realty Co.,* 244 N. Y. Supp. 17, 136 Misc. 682.

A leading case, referred to in nearly all text-books and encyclopedias in discussing attorneys' liens, is *Gist, Ex. v. Hanly,* 33 Ark. 233, released in 1878. Thomas B. Hanly was employed as attorney by William H. Ford, a nonresident, to

bring suit by attachment against Thomas C. Gist on two notes given by Gist for $3,500 each, dated December 27, 1859. The attorney was paid $225 retainer, and in addition thereto was to have 8 per cent. of what he recovered. Suit was brought on each note, and at the same time the attorney levied attachments on 1,500 acres of the defendant's land.

Motions were filed to dismiss on the ground that the notes were given for purchase of slaves, but before motions were ruled upon Gist died, and the suits were revived against his executor, Thomas Gist. Without the knowledge of his attorney, plaintiff and the executor settled the suits, the executor paying $1,500, and plaintiff gave an order on his attorney to deliver the notes to the executor. The attorney refused, and filed action in equity to enforce his liens upon the notes for the remainder of his fees and the costs.

The court found for the attorney, and said that a client may compromise or settle a suit without the consent of the attorney, but in no way does it take away the lien of the attorney upon the papers and securities in the case. It was held that the lien of the attachment inured to the benefit of the attorney, and the parties for that reason had not the right to make settlement between themselves and release the attachments upon the land.

I will now consider several Nebraska cases which have been cited as controlling the case at bar.

In *Rice & Gorum v. Day,* 33 Neb. 204, 49 N. W. 1128, released in 1891, Judge Maxwell said that the lien of an attorney upon a judgment obtained by him to the extent of his reasonable fees and disbursements is paramount to any rights of the parties in the action, or any set-off. This case has been cited as though it applied to liens against real estate, but the facts are as follows:

An examination of the original transcripts, still in our court, in cases Nos. 4413 and 4414 discloses that Rice & Gorum, plaintiffs in error, secured a judgment in the justice court for Blue Springs precinct, Gage county, against George Day for rent past due on his livery stable, in the

sum of $100, and a writ of attachment was issued, under which the constable levied upon ten head of horses, one stallion, four buggies, a carriage, two sleighs, and other property, and said property was all appraised for $700, but it is alleged was worth $1,400; that said property was seized on March 21, 1889, by the constable and held until April 13, 1889.

Thereupon, suit was brought in county court for $700 damages for malicious attachment and breaking up his livery business, and verdict rendered for $1, but upon appeal said action was tried to a jury in the district court, and a verdict rendered for $110 against Rice & Gorum. Immediately upon the bringing in of said verdict, attorney Cobbey, by Pemberton & Bush, his attorneys, filed an attorney's lien with the clerk of the district court for $100, and after trial the court finds that the attorneys are entitled to a lien on the judgment in the amount of their attorneys' lien of $100.

This case settled the question that the lien of an attorney for his reasonable fees and disbursements for obtaining a judgment for his client is paramount to any rights of the parties, or to any set-off, but it does not shed any light on whether an attorney's lien can attach against land.

In the case of *Cones v. Brooks*, 60 Neb. 698, 84 N. W. 85, Judge Sullivan said that the attorney's lien depends upon possession, and attaches only to papers, books, documents, or money in the hands of the attorney, and it is effective without notice to any one; also that an attorney has a charging or specific lien upon money in the hands of the adverse party to an action or proceeding. Such lien is not perfected until notice has been given to the party in possession of the fund, and any notice that the claim is made and that it will be asserted is sufficient.

This attorney's lien law (Comp. St. 1929, sec. 7-108) has not been changed since it first appeared in chapter 3, p. 15, sec. 8, Rev. St. 1866, and is simply declaratory of the common law. Primarily it simply amounts to a mere right to retain possession of the papers and documents as against the client until the attorney's fee is fully paid.

It is argued that if we affirm the case at bar, which we have done, then the opinion of *Zentmire v. Brailey*, 89 Neb. 158, 130 N. W. 1047, must be set aside. Therefore, I have examined the original transcript in that case, which discloses that Frank Stanley employed D. O. Dwyer, an attorney of Plattsmouth, to sue John P. Dodson, a resident of Illinois, for $1,760, commission in real estate sale, and at the time the petition was filed a portion of two lots in South Omaha belonging to Dodson was attached, and thereafter, on October 12, 1908, Dwyer filed an attorney's lien in said attachment suit for $500. Thereafter, and on October 27, 1908, the plaintiff and defendant privately settled the cause of action, and plaintiff dismissed the action and discharged the lien of his attorney, all without knowledge of attorney Dwyer, who was that day in another town, taking depositions for this same client. Defendant immediately deeded these lots, now supposedly freed from the lien, to W. P. Zentmire, his father-in-law.

Three days thereafter attorney Dwyer learned these facts, and intervened in said cause, and showed that such order of dismissal was procured from District Judge Sutton, without informing him of the fact that the attorney's lien filed in said cause was unsatisfied, and that said court was thereby misled and imposed upon in permitting such dismissal to be entered. Whereupon, the court conditionally set aside such dismissal and entered an order that the defendant Dodson should show cause why the order of dismissal should not be permanently set aside, and held that the transfer of said property was made without the knowledge of, and subject to, the lien of attorney Dwyer and his right to the attached property as security for the payment of the said lien.

Thereafter, the dismissal of the case was vacated only to the extent of the attorney's lien, and a judgment entered thereon for $500, and a decree of foreclosure ordered on this lien against the attached real estate. The action for injunction was then brought by Zentmire against Sheriff Brailey and Attorney Dwyer to prevent the sale of the prop-

erty. It was held in this case that "An attorney's lien in due form, when filed in a pending action, binds realty previously attached therein to satisfy the client's claim."

It is quite clear that Judge Rose in this opinion held that the attorney's lien was enforceable against the attached land, not because it was a lien on the land, but because it was a lien on the attachment, and only because of that fact, and in that particular case, it was in effect a lien on the land, for while the attached property was not a judgment, it was a lien obtained through court process.

It cannot be contended that Judge Rose's opinion holds that an attorney's lien would in all cases attach to land as such, because the opinion, when carefully analyzed, does not go beyond the point of holding that the attorney's lien follows the attachment.

A very late case on attorney's lien is that of *Spethman v. Hofeldt,* 141 Neb. 83, 2 N. W. (2d) 620. Hannah Hofeldt, about 80 years of age, had signed a contract for attorney's services, providing that he should receive 25 per cent. of all property and money received by her. She was entitled to $720 a year interest, payable on an $18,000 mortgage owned by her children. The son failing to pay the interest due on the mortgage, it was necessary to bring foreclosure. Her interest in the mortgage was of the value of about $5,750, but she was induced, in the absence of her attorney, to settle her claim with a banker, who was seeking control of the property, for $900. Her attorney would not accept 25 per cent. of that small an amount, and intervened in the foreclosure suit. This court held that, because of the terms of the written contract of employment, the attorney's lien was a lien against the share and interest of the widow in the foreclosure action, and that "A party adverse to attorney's client cannot, after an attorney's lien has attached, destroy it by a voluntary settlement made without the knowledge of such attorney." An attorney's lien based upon a written contract of employment binds all who have knowledge thereof.

We will next consider the case of *Card v. George,* 140 Neb. 426, 299 N. W. 487, in which Lee Card, an attorney of Chadron, performed legal services for several years for Margaret E. Kurt, and on May 16, 1938, he executed an affidavit for attorney's lien for his unpaid fees, in which he claimed an attorney's lien upon all the real estate owned by his client. Six days before her death on June 25, 1938, Margaret E. Kurt conveyed all her real estate to her daughter, Anna George, by warranty deed. No estate was left for administration. Attorney Card sought to set aside the transfer as fraudulent, and to impose his lien on the real estate and, if the amount found due was not paid, to have the land sold to satisfy the attorney's lien.

The district court denied relief on this attorney's lien, and this court affirmed that judgment on the ground that the statute, section 7-108, does not give an attorney a lien upon any real estate belonging to his client, and the claim of an attorney's lien was a nullity.

"Where a judgment is a lien upon real estate, and this is about to be sold under execution, an attorney's lien upon the judgment will not be protected by a stay of a sale under the execution, but the sheriff may be stayed from paying the proceeds of sale to the plaintiff or his assignee under the execution until the amount of the attorney's compensation can be ascertained." 1 Jones, Liens (3d ed.) 242, sec. 232. See 5 Am. Jur. 407, sec. 242.

I find in one case that another court pointed out to a diligent attorney the means of protecting himself in case of the purchase of the property by the client, i. e., by an appeal to the court to withhold its confirmation of the sale and approval of the deed, or to direct a resale of the property unless the attorney's fees are provided for. See *Prichard v. Fulmer,* 22 N. M. 134, 159 Pac. 39, 2 A. L. R. 474.

In the case at bar, the attorney's lien was filed against the decree of foreclosure and the title effected thereby, and defendant now claims that his attorney's lien attached to the land itself after it was sold to his own client to satisfy the decree; in other words, that his attorney's lien filed

against the decree detached itself from the decree and attached itself to the land sold to satisfy the decree. The question is, can an attorney's lien thus follow land after it is sold under the decree? It cannot, because no one can anticipate the difficulties and confusion that would result from such a decision. Every tract of land which had once been in litigation would lose some of its marketable value because of a very legitimate apprehension that there might be some latent lien against it in favor of an attorney.