H. M. NICHOLSON, ADMINISTRATOR, APPELLEE, v. OTTO ALBERS, APPELLEE: A. R. OLESON, APPELLANT.

13 N. W. 2d 145

FILED FEBRUARY 9, 1944. No. 31712.

*A. R. Oleson, pro se.*

*W. A. Ehlers* and *Zacek & Nicholson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action in interpleader wherein H. M. Nicholson, administrator of the estate of Mary Lemke, deceased, filed his petition to have determined the respective claims of Otto Albers and A. R. Oleson to certain funds in his possession. The trial court sustained plaintiff's right to an interpleader, directed the payment of the fund in plaintiff's possession to be paid into court and discharged the plaintiff from further liability. The trial court, after a trial upon the issues between the defendants Albers and Oleson, found for the defendant Albers and ordered the fund, amounting to $759.65, paid to him. From this judgment the defendant Oleson appeals.

The record shows that in 1932 the defendant Albers was the owner of a note of George Worrell in the amount of $1,690, which was secured by a second mortgage on certain property in Wisner, Nebraska. The defendant Oleson, an attorney at law, was retained by Albers to collect this second mortgage which was of doubtful value. The evidence shows that Oleson thereupon induced Mary Lemke, the mother of Mrs. Worrell, to release her first mortgage for the benefit of Albers and secured a first mortgage for him in the amount of $1,250. This mortgage was delivered by Oleson to Albers. The claim of Oleson in the instant case is for professional services rendered in connection with the obtaining of this first mortgage.

The record further shows that Mary Lemke subsequently acquired the title to the property and assumed the first mortgage. Upon her death Albers filed a claim against her estate for the amount due on the mortgage. On March 11,

1936, the claim was allowed in the amount of $913.56. A partial distribution was subsequently made, leaving a balance due of $735.70 on July 9, 1940, at which time Oleson served notice on the administrator of a claim for an attorney's lien. The parties being unable to adjust their differences, the administrator commenced the action in interpleader to have the rights of the parties determined.

The sole question for determination is the right of Oleson to assert an attorney's lien. It is not disputed that he was not employed by Albers to file or prosecute the claim in the probate proceedings. His claim for an attorney's lien was based on his unpaid claims for services rendered in procuring the first mortgage on the Worrell property, as heretofore recited.

It is provided by statute that an attorney may assert a lien for compensation due him upon papers of his client which have come into his possession in the course of his employment, upon money in his possession belonging to his client, and upon money in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party. Comp. St. 1929, sec. 7-108.

It will be observed that the claim of Oleson does not fall within any provision of the foregoing statute. The statute does not give an attorney a lien for services rendered in other cases, or for any fees not connected with the case. A charging lien is confined to the fees and costs due for services rendered in the particular action in which the judgment was obtained. *Reynolds v. Warner,* 128 Neb. 304, 258 N. W. 462. It does not appear that the lien was asserted by Oleson by reason of this employment in filing and prosecuting the claim in the administration proceedings. Consequently, the claim for an attorney's lien on funds in the hands of the administrator is without merit.

It is the settled law of this state that an attorney has no lien for services performed by him except as provided by statute. *Card v. George,* 140 Neb. 426, 299 N. W. 487; *Marshall v. Casteel,* 143 Neb. 68, 8 N. W. 2d 690.

It appearing that Oleson's claim for an attorney's lien does not come within the provisions of section 7-108, Comp. St. 1929, the trial court properly denied his claim.

AFFIRMED.