CHARLES L. YOUNG, APPELLEE, v. LEE CARD ET AL., APPELLANTS.

18 N. W. 2d 302

FILED APRIL 20, 1945. No. 31896.

Charles A. *Fisher* and *Lee Card*, for appellants.
*Edwin D. Crites, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

Plaintiff brought an action for an accounting and to have defendant Lee Card, an attorney, adjudged a trustee for real property conveyed to him, and for an injunction against sale of this property. The defendants filed answer, in which they prayed that the petition be dismissed, and in their cross-petition asked for a judgment for $1,500 attorneys' fees. The reply was a general denial. The decree found generally on all the issues for the plaintiff, but that there was a balance due defendant Lee Card on the accounting of $253.84, and taxed the costs to the defendants, and also directed that the undelivered deed executed by defendants should be delivered to the plaintiff, Charles L. Young.

The evidence discloses that the plaintiff formerly lived in Dawes county, and employed defendant Lee Card about 1935 as an attorney to collect certain real estate mortgages. One mortgage was given by George W. Hebbert and foreclosed and proceeds remitted; the other was given by T. C. Grantham. Defendant Card testified that plaintiff told him he did not want the land, but the money. The Grantham loan was finally refinanced, and the plaintiff got some money and a second mortgage back, which finally being in default, defendant Card began a foreclosure on this second mortgage.

The mortgagors' attorneys delayed foreclosure and secured moratorium stays in the state court, and then initiated Frazier-Lemke proceedings in the federal court. Thereafter they filed an amended petition, and mortgagor was adjudged a bankrupt, and altogether they secured a stay in the federal court of some three years, with hearings at Al-

liance, Rushville and Valentine. Thereafter the bankruptcy proceedings were dismissed upon mortgagor giving a deed to certain real estate, with a lease back for one year, as there was a crop in at the time.

Mr. Card had paid an attorney who had assisted him in the federal court proceedings the sum of $100 attorney's fee, and had claimed that he had this foreclosure of the plaintiff for collection on a contingent fee basis, and was entitled to a fee of $1,500. For these and other reasons, attorney Card took this deed from the mortgagor in his own name instead of in that of his client, the owner of the mortgage he was foreclosing.

Defendants' exhibit No. 10 is the letter of Lee Card reporting this matter to Charles L. Young, plaintiff, under date of May 21, 1942, which reads in part as follows:

"In the above matter and in relation to your latest letter and my response thereto, this is to report that in the last term of the United States District Court, I took a warranty deed from Grantham and wife for the 3 quarters embraced in your mortgages. He was given back a lease of the premises until November of this year.

"Accordingly, I am now able to deliver you a deed and the lease of said premises and close up our relations in the matter.

"I have not released the mortgages."

In a second letter, defendants' exhibit No. 11, dated June 3, 1942, Mr. Card adds this postscript:

"P. S. I can take you out to the Grantham place and have Grantham acknowledge your rights as landlord at end of his lease in November, after we close up between us regarding my professional services in the matter."

The letters from plaintiff to Lee Card of June 3 and June 10, 1942, do not indicate that the plaintiff had any other thought than that the deed to the property had been taken in his name, and further indicate that there should be some $500 or $600 rent held some place to his credit.

It was true that, during the moratorium and Frazier-Lemke proceedings, the mortgagor had to pay in rents to

the clerks of the courts, in the sum of $111.50 to the clerk of the district court and $157.89 to the clerk of the federal court, to which amounts, in the statement of their account as found in exhibit No. 51, Mr. Card adds $310 cash as received from the plaintiff. In said account Card charges $1,565 for foreclosure fees, and shows a balance due him of $1,388.11, upon payment of which he agrees to turn over title to the property and all papers to his client.

As soon as the trial court decided this case, the plaintiff paid in to the clerk of the court the sum of $253.84, but defendants appealed to this court.

In the supplemental brief filed by defendants, they set out the following assignments of error: (1) That the court erred in deciding that an oral contingent fee contract between the parties was not established by the evidence; (2) that the court erred in its decision as to the amount due defendant under his oral contract for professional services; (3) that the court erred in not holding that defendant was entitled to retain possession of plaintiff's documents and property, and entitled to a retaining lien thereon until fully paid; (4) that the court erred in finding generally in favor of the plaintiff, which is inconsistent with its special findings and against the weight of the evidence; (5) that the court erred in not finding generally for defendants in accordance with its specific findings, and in not finding that defendant Lee Card was entitled to an accounting, and that the evidence does not show fraud or deceit in the performance of professional duties.

The defendants contend that an attorney has a possessory lien upon property of any sort belonging to a client. This court has held in the case brought by Lee Card against Anna Rose George and others, found in 140 Neb. 426, 299 N. W. 487, that an attorney has no lien for services performed by him except such as provided by statute, and that section 7-108, R. S. 1943, does not provide for an attorney's lien on real estate owned by his client. See, also, *Marshall v. Casteel,* 143 Neb. 68, 71, 8 N. W. 2d 690, 11 N. W. 2d 818, in both of which cases the defendant in the instant case appeared.

In the last case cited, we held that an attorney's lien would not follow land after it was sold under a decree. It appears to us that if section 7-108, R. S. 1943, does not give an attorney a lien upon any real estate belonging to his client, it certainly would give him no right to take title to land belonging to his client in his own name because his client owed him a fee for foreclosing a mortgage. Plaintiff's exhibit No. 10 was a quitclaim deed, dated May 22, 1942, executed by Lee Card and Nellie M. Card, the defendants, to the plaintiff, but it was never delivered, and the decree of the court properly directed that defendants should deliver it to plaintiff.

The evidence of J. E. Porter is to the effect that the usual contingent fee would be one-half of the proceeds to the attorney if the attorney paid all the expenses, and one-third if the client paid expenses. However, on cross-examination he said he had never handled a mortgage foreclosure on the basis of a contingent fee, and a careful examination of the evidence in this case leads us to the conclusion that it does not sustain the defendant in his contention that he was employed by the plaintiff to foreclose this mortgage on that kind of an attorney fee.

The defendant charges in his last assignment of error in his supplemental brief "that the evidence does not show deceit or fraud in the performance of appellant's professional duties towards him in the foreclosure of said mortgages or accountings to Young thereon." An examination of the decree does not disclose any reference by the court whatever to any deceit or fraud in this case, and at no place does the decree cast any reflection upon the defendant's character or standing.

In so far as taxing the costs in this case against the defendant, to whom the court has allowed an attorney's fee, we do not see any error as charged by the defendant. This was an accounting case, and in going over all of these many exhibits, and considering all of the evidence, the court fixed a balance due on attorney's fee of $253.94, but considering the fact that plaintiff was compelled to bring this action to

get a deed from his attorney to his own land, the trial court was justified in taxing the costs against the defendants.

Finding no prejudicial error in the decree in this case, the same is hereby affirmed.

AFFIRMED.