109 So.2d 763 (1959)
Ira E. BILLINGHAM, Petitioner,
v.
Elisworth W. THIELE, Clarence Buehrer, Nelliw Flasch, Jean A. Kaufman, Rebecca O'Neal, Fred W. Voss, Gladys H. Voss, Verna B. Wiley, Evelyn R. Sheperd, Veta Wilkinson, et al., Respondents.
Supreme Court of Florida.
March 11, 1959.
A.N. Spence, Miami, for petitioner.
Nelson & Linney, St. Petersburg, for respondents.
THORNAL, Justice.
Petitioner Billingham, who was appellant in the District Court of Appeal, Second District, seeks review of the decision of that court in Billingham v. Thiele, 107 So.2d 238.
The petitioner invokes our jurisdiction under Article V, Section 4, Florida Constitution, F.S.A., with the contention that the cited decision of the Court of Appeal directly conflicts with the prior decisions of this court in Scott v. Kirtley, 113 Fla. 637, 152 So. 721, 93 A.L.R. 661, and Ward v. Forde, 154 Fla. 383, 17 So.2d 691.
The factual details are adequately reported in the opinion of the Court of Appeal here under review. The sum of the situation simply was that Billingham, an attorney, represented a group of property owners in liberating their property from a long-term lease and the imposition of various maintenance charges. He had no agreement with his clients with reference to obtaining a lien on the property to secure the payment of his fees. Nonetheless, he proceeded in the trial court to obtain the imposition of a lien. The trial judge dismissed his complaint. The Court of Appeal affirmed. We granted certiorari because the petition prima facie presented a case within our jurisdiction.
*764 It is here contended that by our decisions in Scott v. Kirtley, supra, and Ward v. Forde, supra, this court has in substance held that even in the absence of a statute or express or implied agreement, a court of equity is authorized to impress an attorney's charging lien on the real estate of his client.
After a careful review of the authorities including the prior decisions of this court, the Court of Appeal determined that an attorney has no lien on the land of his client absent a statute or express or implied agreement providing one, even though he successfully prosecutes a suit to establish the client's title or recover possession. To support its position the Court of Appeal relied on Guthrie v. Home Building and Loan Company, 116 Fla. 822, 156 So. 882; Greenfield Villages, Inc. v. Thompson, Fla. 1952, 44 So.2d 679; Stern v. Stern, Fla. 1951, 50 So.2d 119. In addition the Court of Appeal announced its adherence to what it concluded to be the rule of the majority of the courts as reflected by 5 Am.Jur., Attorney at Law, Sec. 238, and 7 C.J.S. Attorney and Client § 228c.
We have the view that the Court of Appeal applied the correct rule. We think also that the prior decision of this court in Scott v. Kirtley, supra, was adequately distinguished by the opinion here under review. We have taken jurisdiction because of the asserted conflict between the decision of the Court of Appeal in the instant case and the prior decision of this court in Ward v. Forde, 154 Fla. 383, 17 So.2d 691. We have done so even though there is no conflict between the decision under review and the prior decisions of this court relied upon by the Court of Appeal to support its judgment. We have examined the decision of this court in Ward v. Forde, supra, and must frankly concede that it cannot be reconciled with Guthrie v. Home Building and Loan Company, supra, Greenfield Villages, Inc. v. Thompson, supra, and Stern v. Stern, supra. The decisions in the cases last cited in our opinion announce the correct rule. We agree with the Court of Appeal that the rule of these last cited cases, as well as the rule announced in the decision now under review, is consistent with the views of the vast majority of the courts on the subject.
We are not disturbed by the insistence that the rule which we here announce discriminates against members of the Bar in view of the lien protection extended to mechanics and materialmen. The simple answer is that Chapter 84, Florida Statutes, F.S.A., provides a lien for the latter. There is no similar statute for the benefit of the lawyer. Indeed we have a right to assume that a lawyer, above all others, should be equipped to protect himself in such matters.
We therefore hold that in the absence of statutory authority, or an express contract or an implied agreement arising out of special equitable circumstances, an attorney is not entitled to the imposition of a charging lien on the real estate of his client.
In order to eliminate future confusion in the matter and finding as we do that Ward v. Forde, supra, is not consistent with the correct rule applicable and is inconsistent with our decisions on the subject, we herewith announce that we recede from anything stated in Ward v. Forde, supra, which is inconsistent with this opinion.
The petitioner presents other points of collision between the decision of the Court of Appeal and prior decisions of this court. We have examined these alleged conflicts and find that there is no merit to the contention.
Finding as we do that the Court of Appeal ruled correctly and in a fashion consistent with our own prior decisions, the writ of certiorari heretofore issued is hereby discharged.
TERRELL, C.J., and ROBERTS, DREW and O'CONNELL, JJ., concur.