PER CURIAM.
Mr. and Mrs. Overholser appeal an order imposing a charging lien in favor of their attorneys upon the subject real property.
Appellants, Mr. and Mrs. Overholser, held mortgages on certain real property, and they retained appellees, Walsh, Notten-baum and Chadderton, as their attorneys to foreclose these mortgages. Subsequently, a summary final judgment was entered in favor of the Overholsers. The judgment provided that their attorneys were entitled to a reasonable fee of $2,500.00, directed that the property be sold at public sale from which the attorneys should be paid, and further provided that the Overholsers could bid at the sale and, if successful, would be entitled to a credit on their bid up to the amount of the judgment. The Overholsers purchased the property at the public sale. However, having only paid their attorneys $250 of the $2,500 fee, the attorneys filed a petition to enforce payment. The Overhol-sers also filed a motion for issuance of *472 certificates of title because of the clerk’s refusal to issue them as a result of an order to that effect entered by the trial court arising out of the fee dispute. After hearing argument of counsel, the trial court entered the following herein appealed order on motion for issuance of certificate of title:
“THIS CAUSE came on for rehearing upon the motion of Plaintiff’s attorney, as attorney for Defendants; O. H. OV-ERHOLSER and NOLA OVERHOLSER, his wife, for issuance of Certificate of Title to Defendants, 0. H. OVERHOL-SER and NOLA OVERHOLSER, and the Clerk being advised in the premises, it is thereupon,
“ORDERED that the Order on Motion for Issuance of Certificate of Title dated the 23rd day of September 1977, be set aside and in lieu thereof it is further,
“ORDERED that said Certificate of Title issue after proof of payment by said defendants of the amount remaining due to their attorneys WALSH & NOTTEB-AUM and HARRY J. CHADDERTON, in the amount of $2,250.00, and it is further,
“ORDERED that the foregoing attorneys’ fee constitutes a charging lien upon the real property involved herein and in the event said lien be not satisfied within ten (10) days, it may be enforced by further appropriate proceedings in this action.”
Subsequently, a summary final judgment was entered on November 3, 1973 directing that the Overholsers pay the charging lien within three days or the property was to be sold at public sale. The Overholsers appealed this judgment and the appeals were consolidated.
The established law is that in the absence of statutory authority or an express contract or an implied agreement arising out of special equitable circumstances, an attorney is not entitled to the imposition of a charging lien on the real estate of his client. Billingham v. Thiele, 109 So.2d 763 (Fla.1959). In light of this principle of law, we reverse the summary final judgment and the last portion of the order on motion for issuance of certificate of title imposing a charging lien upon the real property involved herein. In all other respects the order is affirmed.
Affirmed in part, reversed in part.